ANTONIO RULLÁN MAYOL, Appellant v. REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1214.—Submitted July 21, 1947.—Decided July 31, 1947.

*Damián Monserrat, Jr., Gabriel de la Haba,* and *Rafael Baragaño, Jr.,* for appellant. The registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On June 17, 1946, Antonio Rullán Mayol, appellant herein, presented in the Registry of Property of San Juan, First Section, a document signed by his representative, Attorney Damián Monserrat, Jr., in which it was stated that in said registry there was recorded at page 241 of volume 91 of Santurce, South, the property described therein; that he acquired said property by purchase from Esperanza Rullán Mayol on June 3, 1940, and that the vendor in her turn acquired it from Carolina and Angela Miró by deed No. 88 of June 8, 1937; that in said deed No. 88 the following clause appears:

"Third.—It is agreed between the contracting parties, that whenever Doña Esperanza Rullán should decide to sell the parcel covered by the within deed of sale, she shall be bound to offer it for sale to the vendors, at the same price which she is paying therefor."

that said clause was mentioned in the record of said property and was considered only in the registry as a condition affecting the real property; that he desired that the legal effect attributed to said clause be eliminated from the record of the property; and he requested the registrar "to make a marginal note on the mention of said personal agreement, stating that the same does not establish a mortgage charge on the property."

The respondent registrar denied the cancellation sought and entered a cautionary notice for 120 days, on the grounds that "according to the registry, the purchaser is bound, at any time she should decide to alienate the property, to offer it for sale to the vendors at the same price which she paid therefor, there being no showing that such right has been waived by said vendors; that the document presented has not been duly authenticated by a notary; and that the same

does not refer to any of the cases in which a cancellation in the registry may be obtained through an application of this sort."

█ The registrar is wrong. It is clear that the case does not involve a sale with the right of redemption (*pacto de retro*), and in accordance with Art. 28 of the Regulations for the Execution of the Mortgage Law: "*The obligation of transferring to another person the ownership of any real property or of a property right or of creating on either a right of the same character, shall not require record.*"

Morell in his well-known work *Comentarios a la Legislación Hipotecaria* (1925 ed.), vol. 1, p. 500, says:

"*The promise* constitutes only an obligation which entitles the contracting parties to demand performance thereof, but which *does not create any real right,* for which reason it does not prevent the acquisition by a third person of the property or rights promised.

"Regarding the promise to do something there is, therefore, no doubt whatsoever. It is not recordable. The promisor does not limit his ownership of the promised thing, either in the present or in the future, because if the promise is not fulfilled, the obligation will give rise to a compensation for damages.

"" ※        ※        ※        ※        ※        ※        ※

"*The promise neither divests the owner of his ownership over the property nor conveys or constitutes any real right.*" (Italics ours.)

Referring to the question with which we are now dealing, the text writers Galindo and Escosura, in their *Comentarios a la Legislación Hipotecaria* (1903 ed.), volume 1, p. 261, state the following:

"Only the ownership and real rights should be recorded, *and, since the obligation to convey or to execute a contract does not give rise to any real action, it may only be set forth when, as provided by the same Section, the personal obligation is secured by another real one;* but it should be borne in mind that then what is recorded is the guaranty and not the promise. So if the case should arise to demand the fulfillment of the promise and this is not forthcoming, the only right which the record affords is to enforce said guaranty." (Italics ours.)

Further on in the same work, at page 317, they state: "That a promise to sell is not recordable, is evident . . ." [1]

Furthermore, the same text writers, in volume 2 of the cited work state, at page 323, that "Section 29 of the law refers only to the ownership and real rights, and *it should not be extended to those rights which, without having such character, are mentioned for any reason in the registry. Hence, they should be regarded as not mentioned and of no effect as to third persons.*" [2] (Italics ours.)

Since a mere promise to sell real property involves a personal right, the same should not be mentioned at all in the registry, and the circumstance that such mention has been made, does not produce any effect as against third persons. [3]

▆ Moreover, the fact that the cancellation of such mention or condition in the registry has been requested in a private document, signed by an attorney on behalf of the owner of the property, whose title appears recorded, should not be an obstacle to the cancellation sought. Not all cancellations must be applied for in a public instrument. [4] For example, under § 141 of the Regulations for the Execution of the Mortgage Law, the cancellation of a cautionary notice may be requested in a private document if it was constituted by a petition of like character. If it is possible to obtain in

---

[1] See also Barrachina, *Derecho Hipotecario y Notarial,* 1910 ed. vol. 1, pp. 112–118; Gómez de la Serna, *Ley Hipotecaria,* 1862 ed., vol. 1, pp. 255, 256, and Morell, *Legislación Hipotecaria,* 1927 ed., vol. 2, p. 636.

[2] Section 29, Mortgage Law.—"Ownership or any other property right expressly mentioned in records or cautionary notices, although not appearing in the registry as a separate and special record, shall be effective against third persons from the date of the entry made upon presentation of the instrument.

"The provisions of the foregoing paragraph shall be understood without prejudice to the obligation of specially recording such interest or to the liability which may be incurred by a person who must request the record in certain cases."

[3] Cf. *Bas* v. *Ferrán,* 14 P.R.R. 181 and *Bou* v. *Registrar,* 39 P.R.R. 318.

[4] See the opinion delivered by this Court on June 16, 1947, in Administrative Appeal No. 1208, entitled *Land Authority* v. *Registrar,* in which it was held that the cancellation of a lease contract already expired could be applied for through an affidavit subscribed by an attorney, as representative of the lessor; and *Orta* v. *Registrar,* 60 P.R.R. 768.

that manner the cancellation of a cautionary notice which is fully effective, it should be still more natural for the registrar to proceed to cancel—by virtue of a petition submitted on behalf of the owner of the property by a representative who is an attorney—a mention or condition which erroneously appears in the registry and which has no effect whatsoever as against third persons.

The decision appealed from should be reversed and the cancellation sought granted.